UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CANDACE PRICE, individually &
on behalf of all similarly situated,**

    **Plaintiff,**

                                                    Case Number   1:20-cv-6-GNS

v.

**MARQUEE BROADCASTING, INC.,**

    **Defendant.**

_____/

## Complaint & Jury Demand

1. The Plaintiff, Candace Price, individually and on behalf of all similarly situated, sues Defendant, Marquee Broadcasting, Inc., for unpaid overtime pursuant to 29 U.S.C. § 216(b).

2. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is appropriate in Bowling Green, Kentucky, because named Plaintiff worked for Defendant in Bowling Green, Defendant conducts business in Bowling Green and Defendant's employment contract has a venue clause naming Bowling Green as the proper venue.

4. Plaintiff resides in Warren County, Kentucky.

5. Defendant is a Maryland corporation.

1

6. Defendant's principal place of business is in Maryland.

7. On or about December 7, 2018, Defendant entered into an employment agreement with named Plaintiff in Bowling Green, Kentucky.

8. Defendant utilizes a similar employment agreement with all Plaintiff(s).

9. Defendant is engaged in the broadcasting business and produces television news programming.

10. Defendant conducts business in Kentucky, Georgia and Maryland.

11. Defendant previously conducted business in Colorado.

12. Defendant is the owner and operator of television station(s) WNKY-DT, and associated broadcast and digital services serving the Bowling Green, Kentucky.

13. Defendant is the owner and operator of the below television stations:

| City of license / market | Station | Channel TV (RF) | Owned since | Network affiliation |
|---|---|---|---|---|
| Cordele, Georgia | **WSST-TV** | 55 (34) | 2018 | MyNetworkTV |
| Valdosta, Georgia | **WSWG** | 44 (31) | 2019 | CBS |

| | | | | |
|---|---|---|---|---|
| Macon, Georgia | **WPGA-TV** | 58 (23) | 2019 | Independent |
| | **WPGA-LP** | 50 | 2019 | Silent |
| Toccoa, Georgia | **WGTA** | 32 (24) | 2015 | MeTV<br>Heroes & Icons (DT2)<br>Decades (DT3)<br>Movies! (DT4) |
| Bowling Green, Kentucky | **WNKY** | 40 (16) | 2017 | NBC<br>CBS (DT2)<br>MeTV (DT3) |
| Salisbury, Maryland | **WMDT** | 47 (47) | 2013 | ABC<br>The CW (DT2)<br>MeTV (DT3) |
| | **WGDV-LD** | 32 (32) | 2016 | Azteca América |
| Dover, Delaware | **WEVD-LP**<br>(satellite of WMDT) | 27 | 2013 | ABC |

14.     Plaintiff(s) are employees titled Reporter or Anchor or both, who have worked for Defendant within the past three years, earned less than $100,000.00 per year, worked over forty hours in one or more workweeks during the period in question and not received overtime pursuant to the Fair Labor Standards Act.

15. Defendant does not pay overtime to any of its employees titled Reporter or Anchor or both.

16. Defendant has a policy or practice of entering into a written employment contract with employees titled Reporter/Anchor.

17. Defendant agrees to pay the aforementioned employees an annual salary for a specified term.

18. The salary is intended to cover forty (40) hours of work each week.

19. Defendant neither disclosed to its employees titled Reporter/Anchor that their salaries are intended to cover hours over forty hours in a workweek nor that they will be paid overtime.

20. Defendant asserts in its employment contracts that if an employee leaves prior to the expiration of the contract that the employee must pay monies to Defendant in the amount equal to the salaries that they would have been paid had they continued employment with Defendant.

21. The salaries paid to Plaintiff(s) are not free and clear.

22. Defendant's written policy demanding monies back from Plaintiff(s) violates 29 C.F.R. § 531.35.

23. Defendant asserts that Plaintiff(s) are not employees "at-will."

24. Defendant is Plaintiff(s)' employer.

25. Defendant is Plaintiff(s)' employer as defined by 29 U.S.C. § 203(d).

26. Plaintiff(s) are covered by the Fair Labor Standards Act (FLSA).

27. Defendant is an enterprise engaged in commerce.

28. Defendant is mandated to pay overtime pay pursuant to 29 U.S.C. § 207.

29. Plaintiff(s) do not receive a free and clear salary.

30. Plaintiff(s) salaries are subject to deduction for acts occurring after the workweek in question.

31. Defendant does not keep time records for hours worked by Plaintiff(s).

32. Defendant does not have accurate time records pursuant to 29 U.S.C. § 211(c).

33. Named Plaintiff worked more than 40 hours in a week in more than one workweek.

34. Defendant knew that named Plaintiff worked more than 40 hours in a week in more than one workweek.

35. Plaintiff(s) worked overtime hours without payment of overtime.

36. Defendant closely controls Plaintiff(s)' work.

37. The programs and announcements in connection with which Plaintiff(s)' services are rendered, and the days, times, duration, titles, format,

content, elements, and characteristics thereof, are designated, and may be changed, by Defendant from time to time and at any time in its sole discretion.

38. Plaintiff(s) at all times report to, and Plaintiff(s)' activities at all times are subject to, the direction and control of Defendant's News Director and Station Manager.

39. Plaintiff(s)' work product is subject to substantial control by the employer.

40. Plaintiff(s) work primarily depends on intelligence, diligence and accuracy.

41. Plaintiff(s) collect, organize and record information that is routine or already public.

42. In 1990, the Fifth Circuit Court of Appeals held that television news reporters and producers who worked "within a well-defined framework of management policies and editorial convention" were not exempt artistic professionals. *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1228-29 (5th Cir. 1990).

43. Defendant was aware of *Dalheim* prior to having named Plaintiff enter into an employment contract that did not include overtime pay.

44. Defendant willfully violated the FLSA or acted in reckless disregard of the Act in implementing its pay practices for employees titled Reporter/Anchor.

45. Defendant owes Plaintiff(s) unpaid overtime.

46. On January 1, 2020, the salary basis for Section 13(a)(1) exempt employees raised from $455.00 per week to $684.00 per week.

47. Based upon information and belief, Defendant has been paying Plaintiff(s) less than $684.00 per week and intends to pay them less than this amount in 2020 and beyond while claiming an exemption from overtime pursuant to 29 U.S.C. § 213(a)(1).

48. Defendant's policy of classifying employees as exempt from overtime pursuant to Section 13(a)(1), when the salary basis is required, after January 1, 2020, ought to be notified of their rights to join this action.

49. Contracts that violate the FLSA are void.

50. Defendant's employment contracts violate the FLSA.

51. Defendant has annual revenues in excess of $500,000.00.

52. Defendant employs employees that are individually covered by the FLSA.

53. Defendant employs employees that handle goods or materials that have moved through interstate commerce.

54. Defendant is an enterprise engaged in commerce.

55. Defendant is covered by the FLSA.

Wherefore, Plaintiff(s) move the Honorable Court for conditional class certification pursuant to Section 16(b) of the Act, declaration that Defendant has violated the FLSA, declaration that any employment agreement of any employee that earns less than $35,568.00 per year after January 1, 2020 that must be paid on a salary basis pursuant to Section 13(a)(1) of the Act for an overtime exemption be notified that they are entitled to overtime regardless of whether their job duties are exempt, declaring that Defendant may not request monies from employees that depart or have departed prior to the conclusion of their employment contracts, final class certification, unpaid overtime to all Plaintiff(s) pursuant to Section 7 of the FLSA, liquidated damages pursuant to Section 16(b) of the Act, attorneys' fees as well as costs pursuant to Section 16(b) of the Act and any other relief the Court deems appropriate.

Respectfully submitted this 9th day of January 2020,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Mazaheri & Mazaheri
312 S Fourth St Ste 700
Louisville, Kentucky 40202
Tel – 502.475.8201
Email – bernie@thelaborfirm.com